UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BETA PHARMA, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **INVENTIS BIOTECHNOLOGY (SHANGHAI) CO. LTD.**, *et al.*, <br><br> Defendants. | Case No. 23–cv–21047–ESK–EAP <br><br><br> OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on a motion to dismiss counts one through five, nine, and ten of the complaint (ECF No. 23) by defendants Wansheng Jerry Liu and Fox Rothschild LLP (collectively, Fox Defendants), and a motion to dismiss counts one, two, and six through nine of the complaint (ECF No. 25) by defendants Inventis Biotechnology (Shanghai) Co., Ltd. (InventisBio) and Yueheng Jiang (collectively, InventisBio Defendants). Fox Defendants filed a brief in support of their motion to dismiss (ECF No. 23–2 (Fox Def. Br.).) InventisBio Defendants also filed a brief in support of their motion to dismiss (ECF No. 25–1 (InventisBio Def. Br.).) Plaintiff Beta Pharma, Inc. (Beta Pharma) opposed both motions to dismiss (ECF No. 34 (Beta Pharma Opp.).) Fox Defendants and InventisBio Defendants filed replies to Beta Pharma's opposition. (ECF Nos. 43, 45.)

    For the following reasons, count one of the complaint will be dismissed and this case will be DISMISSED for lack of subject matter jurisdiction.

## I.   FACTUAL BACKGROUND

Beta Pharma is a pharmaceutical company founded by Dr. Don Xiadong Zhang (Dr. Zhang) "that is dedicated to the discovery, development, and commercialization of innovative late-stage therapies targeting oncology." (ECF No. 1 (Compl.) ¶ 42.)   Defendant Liu is a lawyer and partner at defendant Fox Rothschild, a law firm, retained by plaintiff to provide legal services related to a patent application.   (*Id.* ¶¶ 11, 59.)   Defendant Jiang serves as the Deputy General Manager, Board Secretary, and Director at defendant InventisBio. (*Id.* ¶ 54.)

For a period of two and one-half years, Beta Pharma made substantial efforts to create a third generation of an epidermal growth factor receptor tyrosine kinase inhibitor named BPI-7711. (*Id.* ¶ 9.) According to Beta Pharma, the only people who knew of the breakthrough with the development of BPI-7711 were the development team, Liu, and Liu's colleague and partner Shahnam Sharareh.   (*Id.* ¶ 16.)   Also, Beta Pharma ensured that its research efforts were kept confidential by taking "substantial precautions to ensure its confidential information [was] not disclosed or misused."   (*Id.*)

From January 2014 until May 2014, Beta Pharma and Liu communicated on the patent application for BPI-7711. (*Id.* ¶ 15.) "In furtherance of preparing patent applications for BPI-7711," Beta Pharma supplied Liu with "proprietary and confidential information" that was not provided or accessible to anyone outside of Beta Pharma's employees and Liu.   (*Id.* ¶ 66.)

After Beta Pharma disclosed BPI-7711 to Liu, on November 5, 2014, InventisBio filed patent application No. 201410619334.7 ('334 Application) covering BPI-7711 with the China National Intellectual Property Administration (CNIPA).   (*Id.* ¶ 30.)   Jiang is listed as the sole inventor on the '334 Application.   (*Id.*)   According to Beta Pharma, the BPI-7711 compound

2

claimed in InventisBio's '334 Application is "exactly the same compound disclosed by Beta Pharma … to Liu." (*Id.* ¶ 72.)

On November 5, 2015, InventisBio filed International Patent Application No. PCT/CN2015/093815 ('815 Application) with the CNIPA. (*Id.* ¶ 71.) Jiang is listed as the sole inventor on the '815 Application. (*Id.*) The '815 Application was published on May 12, 2016, and became the earliest public disclosure of BPI-7711, thereby disclosing Beta Pharma's trade secrets to the global public. (*Id.*)

On May 3, 2017, InventisBio filed U.S. Patent Application No. 15/524,228 ('228 Application). (*Id.* ¶ 73.) Jiang was named the sole inventor on the '228 Application, which was published by the United States Patent and Trademark Office (USPTO) on December 14, 2017, as U.S. Patent Application Publication No. 2017/0355696, and issued as U.S. Patent No. 10,179,784 ('784 Patent) on January 15, 2019. (*Id.*)

On June 9, 2017, Liu, on behalf of Beta Pharma, filed U.S. Patent Application No. 15/534,838 ('838 Application) claiming BPI-711. (*Id.* ¶ 69.) On March 16, 2018, the USPTO examiner rejected Beta Pharma's '838 Application because it was anticipated by InventisBio's '784 Patent. (*Id.* ¶ 76.)

In a September 14, 2018 response to the USPTO, Liu amended Beta Pharma's '838 Application to exclude BPI-7711 and any compounds disclosed by Jiang. (*Id.* ¶ 77.) After Liu amended Beta Pharma's '838 Application, the USPTO issued U.S. Patent Number 10,590,111 ('111 Patent) to Beta Pharma on March 17, 2020. (*Id.* ¶¶ 77, 78.)

The listing of Jiang on InventisBio's patent applications as the sole inventor was "at odds with his expertise and technical background." (*Id.* ¶82.) Oncology is a "highly specialized field, requiring researchers with extensive experience[,]" but prior U.S. patent applications on which Jiang is listed as an

3

inventor "reveal a complete absence of any research or knowledge in the field of oncology." (*Id.* ¶ 82.)

Beta Pharma claims that on January 15, 2019, Liu had lunch with Dr. Zhang and his wife. (*Id.* ¶ 83.) During lunch, Liu admitted that he had a connection with InventisBio and said, "I know [Jiang]. He's my friend. I helped him file the application." (*Id.* ¶ 83.)

Beta Pharma filed the complaint on October 11, 2023. Beta Pharma asserts the following claims: count one against all defendants (violation of the Defend Trade Secrets Act, 18 U.S.C. § 1831, *et. seq*.); count two against all defendants (violation of New Jersey's Defend Trade Secrets Act, N.J.S.A. 56:15-1, *et. seq*.); count three against Fox Defendants (misappropriation of confidential information); count four against Fox Defendants (negligence); count five against Fox Defendants (breach of fiduciary duties); count six against InventisBio Defendants (aiding and abetting breach of fiduciary duty); count seven against Inventis Bio Defendants (unjust enrichment); count eight against InventisBio Defendants (unfair competition under New Jersey common law); count nine against all defendants (civil conspiracy); and count ten against Fox Defendants (respondent superior).

## II. DISCUSSION

### A. <u>Standard</u>

When considering a motion to dismiss a complaint for failure to state a claim under Federal Rule Civil Procedure (Rule) 12(b)(6), courts must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. *Makky v. Chertoff*, 489 F.Supp.2d 421, 429 (D.N.J. 2007). A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed

4

factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the sufficiency of a complaint, a court must take three steps. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). "First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.'" *Id.* (alterations in original) (quoting *Iqbal*, 556 U.S. at 675). "Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679.) Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alterations in original) (quoting *Iqbal*, 556 U.S. at 679). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790. When a defendant raises statute of limitations as an affirmative defense, the "complaint may be dismissed … when it is apparent on its face that the claim lies outside of the limitations period." *Houser v. Feldman*, 569 F.Supp.3d 216, 224 (E.D. Pa. 2021).

### B.     Defend Trade Secrets Act Claim

The parties dispute whether the applicable statute of limitations of the Defend Trade Secrets Act (Act) bars Beta Pharma's sole federal-claim. The Act permits a private civil action by the owner of a misappropriated trade secret "if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). It also provides for claims brought under the Act to have original jurisdiction of civil actions in the United States district courts. 18 U.S.C. § 1836(c). A civil action under the Act "may not be commenced later than 3 years after the date on which the misappropriation with respect to which the action would relate is discovered or

5

by the exercise of reasonable diligence should have been discovered." 18 U.S.C. §1836(d). Accordingly, for count one to survive, the statute of limitations for the claim under the Act, must have accrued after October 11, 2020.

The question here is whether the allegations in the complaint plausibly shows that Beta Pharma either did not discover or would not have discovered by the exercise of reasonable diligence the alleged misappropriation by defendants before October 11, 2020. The District Court's decision in *Nasdaq v. Miami International Holdings, Inc.*, No. 17-6664, 2023 WL 4740753 (D.N.J. July 25, 2023) is instructive. In that case, the plaintiff-corporation alleged that in early 2011, its former employees acquired plaintiff's trade secrets and used them to apply for a patent with the USPTO in December 2013. *Id.* at *1. The USPTO issued a patent based on the application in 2014. *Id.* The court reviewed case law regarding whether the publication of a patent application provides constructive notice for purposes of discovering a claim based on the misappropriation of trade secrets. *Id.* at *8. The court applied this analytical framework:

> (1) the publication of a patent or patent application allegedly containing a trade secret is an important factor in assessing whether a trade secret misappropriation claimant should have, through the exercise of reasonable diligence, discovered the misappropriation; but (2) it is not necessarily dispositive, and other factors can and should play a role in the inquiry. In engaging in this inquiry, a court should also examine whether there is evidence of fraudulent concealment (if alleged), and/or whether any other evidence exists to show that the claimant should [or] should not have been on notice of the alleged misappropriation.

*Id.*

Defendants claim that Beta Pharma discovered or should have discovered by the exercise of reasonable diligence defendants' alleged theft of trade secrets by:

> May 12, 2016, the date InventisBio's '815 Application was publicly disclosed;
>
> December 14, 2017, the date InventisBio's '228 Application was publicly disclosed;
>
> March 16, 2018, the date the USPTO examiner denied Beta Pharma's '838 Application as anticipated by InventisBio's '784 Patent claiming BPI-7711; and/or
>
> January 15, 2019, the date Liu told Dr. Zhang and his wife that he is connected with InventisBio, is friends with Jiang, and helped Jiang prepare his patent application.

(*See* InventisBio Def. Br. pp. 12–16; Fox Def. Br. pp. 18–24.)

Beta Pharma counters that dismissal of the complaint is premature because the complaint and defendants' motions raise factual questions as to the start of the applicable limitations period, the duty of inquiry, and notice. (Beta Pharma Opp. p. 19.) It is also impossible, according to Beta Pharma, to determine the exact date of accrual of the limitations period because InventisBio and Jiang continue to use and misappropriate Beta Pharma's trade secrets. (*Id.*) Beta Pharma also argues that the statute of limitations should be equitably tolled because it was misled by the Fox Defendants from 2014 until Liu's confession to Dr. Zhang in 2019. (*Id.* p. 17.)

Here, applying the factors outlined in *Nasdaq* and considering defendants' arguments, I agree with defendants that the statute of limitations began to run before October 11, 2020. InventisBio's '815 Application of May 12, 2016, with Jiang listed as its sole inventor, was "the earliest public disclosure of BPI-7711 … to the global public." (Compl. ¶ 71.) InventisBio's '228 Application was a U.S. national stage application of InventisBio's '815 Application and, thus, also involved BPI-7711. (*Id.* ¶ 73.) InventisBio's '228 Application was published on December 14, 2017, and InventisBio was issued '784 Patent on January 15,

7

2019. (*Id.*) The publication of InventisBio's '228 Application, InventisBio's '815 Application, and InventisBio's '784 Patent before October 11, 2020 are "important factor[s] in assessing whether … [Beta Pharma] … should have, through the exercise of reasonable diligence, discovered the [alleged] misappropriation [of BPI-7711.]" *See Nasdaq*, 2023 WL 4740753, at *8.

Moreover, Beta Pharma asserts that it took great pains to protect its trade secrets by severely limiting those with access to the information. (Compl. ¶ 16). BPI-711, which Beta Pharma dedicated years to create and for which it made significant efforts to keep confidential, was rejected by the USPTO because of InventisBio's '784 Patent. Beta Pharma, thereafter through Liu, amended the application "to exclude compounds" disclosed by Jiang. (*Id.* ¶ 77.) InventisBio's published applications and patent involving BPI-7711, with Jiang as the sole inventor, required researchers with "extensive experience" in oncology. (*See Id.* ¶ 82.) However, Jiang's expertise and technical background were at odds with InventisBio's patent applications. (*Id.*) And Liu's confession to Dr. Zhang was on January 15, 2019, which is 20 months and 27 days before the latest accrual date of the statute of limitations of October 11, 2020 for count one to survive.

In resolving defendants' motions to dismiss, I must assume that the allegations in the complaint are true. *See Makky*, 489 F.Supp.2d at 429. Thus, even when evaluating the allegations in the complaint in a light most favorable to Beta Pharma, when considering the factual allegations indicated above, Beta Pharma should "have been on notice of the alleged misappropriation" before October 11, 2020.[1] *See id.*; *Nasdaq*, 2023 WL

---

[1] To the extent Beta Pharma argues that the complaint plausibly shows fraudulent concealment by Liu requiring equitable tolling of the statute of limitation, it is clear from the allegations in the complaint that any extension due to fraudulent concealment ceased on January 15, 2019, the date of Liu's confession to Dr. Zhang. (*See* Compl. ¶ 83.)

4740753, at *8; s*ee also Houser*, 569 F.Supp.3d at 226 (dismissing the claim under the Act with prejudice because it was clear from the face of the complaint that the statute of limitations had expired.); *Ocimum BioSolutions (India) Ltd.*, No. 19–2227, 2021 WL 931094, at *7 (D. Del. 2021) (granting the motion to dismiss the claim under the Act because plaintiff should have discovered with reasonable diligence the facts underlying its misappropriation claims more than three years before the complaint was filed).

### C. Subject Matter Jurisdiction

Because I dismiss count one of the complaint, no federal claims remain. Defendants request that the Court exercise supplemental jurisdiction on the remaining state claims. (*See* Fox Def. Br. pp. 31–35; InventisBio Def. Br. pp. 16–18.) The Court may decline to exercise supplemental jurisdiction once "all claims over which it has original jurisdiction" are dismissed. 28 U.S.C. § 1367(c)(3). Federal courts, however, should avoid "[n]eedless decisions of state law[.]" *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Accordingly, because only state law claims remain, the remaining claims will be dismissed without prejudice for lack of subject matter jurisdiction.

### III. CONCLUSION

Count one of the complaint is dismissed with prejudice as to all defendants. This case is dismissed for lack of subject matter jurisdiction with leave to reinstate the claims in the appropriate state court within 30 days of the

9

entry of this order unless state law provides for a longer tolling period. *See* 28 U.S.C. § 1367(d). An appropriate Order will accompany this Opinion.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Date: December 31, 2024